IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN MCDOWELL,<br><br>        Plaintiff,<br><br>vs.<br><br>CONTINENTAL INSURANCE CO., UNITED FIRE & CASUALTY CO., and MILBANL MUTUAL INSURANCE CO.,<br><br>        Defendants. | 8:77CV386<br><br>**MEMORANDUM AND ORDER** |

    This matter is before the Court on Plaintiff John McDowell's ("Plaintiff" or "McDowell") Motion for Rehearing, which the Court construes as being brought pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure. Filing No. 1. Under either rule, however, the motion fails.

    Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment. *Id.*

    Under Rule 60(b), a court may grant a party relief from a judgment for the following reasons:

        (1) mistake, inadvertence, surprise, or excusable neglect;
        (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
        (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
        (4) the judgment is void;

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  Relief under the catchall provision, Rule 60(b)(6), is available only in "extraordinary circumstances."  *Buck v. Davis*, 137 S. Ct. 759, 777–78 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).

In addition, a Rule 59(e) motion "must be filed no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(e).  A Rule 60(b) motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment . . . ."  Fed. R. Civ. P. 60(c)(1).

Here, "Plaintiff seeks reconsideration of the Court's judgement entered on June 15, 1979, which denied relief in a civil action arising from the Defendant's refusal to honor an insurance claim following the total loss of Plaintiff's business, The Broken Wheel Bar, due to a fire."  Filing No. 1 at 1 (punctuation corrected).  Plaintiff asserts that relief from the judgment is warranted "based on evidence not submitted to the Court, newly discovered evidence, fraud upon the Court, and violations of Plaintiff's Constitutional Rights that materially affected the outcome of the proceedings."  *Id*. (punctuation corrected).

By every conceivable notion, Plaintiff's motion, whether considered under Rule 59(e) or Rule 60(b), is grossly untimely.  Moreover, it is apparent from a review of Plaintiff's motion that the evidence and information upon which he relies as grounds for rehearing in this matter were known at or near the time of the Court's entry of judgment in 1979.  *See* Filing No. 1 at 1–2.  As Senior District Judge John M. Gerrard remarked in

dismissing as untimely a recent complaint filed by Plaintiff regarding claims related to his 1978 lawsuit against Defendant United Fire & Casualty Co.,

> McDowell claims he was wronged almost fifty years ago. He has slept on his rights, and almost certainly witnesses have disappeared and evidence has been lost. Justice prevents this Court from hearing McDowell's stale claims. He has no recourse in this Court for the wrongs alleged—any claims he might have had expired decades ago.

*McDowell v. United Fire & Cas. Co.*, No. 4:23-CV-3238, 2024 WL 3224769, at *3 (D. Neb. June 6, 2024) (internal citation omitted), *aff'd*, No. 24-2345, 2025 WL 879688 (8th Cir. Mar. 21, 2025).

IT IS THEREFORE ORDERED that: Plaintiff's Motion for Rehearing, Filing No. 1, is denied.

Dated this 27th day of August, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge